**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| VISTACARE GROUP, LLC, | : | Case No. 07-51116 |
| | : | |
| Debtor | : | ASSIGNED TO: John J. Thomas |

**RESPONSE TO MOTION FOR LEAVE TO FILE CIVIL ACTION**
**AGAINST CHAPTER 7 TRUSTEE WITH AFFIRMATIVE DEFENSES**

1. Admitted upon information and belief.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted in part. Denied in part. It is admitted that the Subdivision Plan included certain subdivision restrictions, including Restriction #1. All remaining allegations are denied. By way of further response, the Subdivision Plan is a document, which speaks for itself in its entirety, and any incomplete, selective, inconsistent, or inaccurate descriptions thereof are specifically and unequivocally denied.

8. Admitted.

9. Denied as stated. The August 21, 2008 Order of Court is a document, which speaks for itself in its entirety, and any incomplete, selective, inconsistent, or inaccurate descriptions thereof are specifically and unequivocally denied. By way of further response, the Order granted William G. Schwab, Esquire, leave to sell the real and personal property of the bankruptcy estate situated at 12 Marlin Drive, Stevens, Lancaster County, Pennsylvania, free and clear of all liens and encumbrances, at public auction.

10. Denied as stated. The November 14, 2008 correspondence of Thomas L. Goodman, Esquire, is a document, which speaks for itself in its entirety, and any incomplete, selective, inconsistent, or inaccurate descriptions thereof are specifically and unequivocally denied.

11. Denied as stated. CGL entered into an agreement of sale with William G. Schwab, Esquire, for the purchase of Lot 45 on September 27, 2008; however, such sale was subject to approval of the Bankruptcy Court and subject to the release of Restriction #1. Thereafter, on or about March 10, 2009, the Bankruptcy Court issued an Order approving the sale of Lot 45, free and clear of all liens and encumbrances and free and clear of Restriction #1.

12. Denied. William G. Schwab, Esquire, is without information or belief as to the reasons underlying CGL's actions and the truth of the averments set forth

in this paragraph and the same therefore are denied with strict proof demanded, if relevant. By way of further response, CGL was represented by counsel at the times relevant to this allegation. Moreover, on or about March 10, 2009, the Bankruptcy Court issued an Order approving the sale of Lot 45, free and clear of all liens and encumbrances and free and clear of Restriction #1.

13. Admitted in part. Denied in part. It is admitted only that an adversary action was filed against each homeowner who had permanently affixed a mobile home to Debtor's property. It further admitted only that the individual lots were then sold pursuant to Court Order. CGL was provided with notice and an objection period prior to the sales; however, CGL did not file any objections. All remaining allegations are denied. It is specifically denied that the sales were in violation of any court order or other controlling document or restriction and strict proof thereof is demanded. It also specifically denied that William G. Schwab, Esquire, failed to advise the Court of any pertinent details or misrepresented any facts or law to the Court in requesting approval of the sales.

14. Admitted in part. Denied in part. It is admitted that some of the lots were sold, with Court approval, to individual residents. All remaining allegations are denied. By way of further response, the lots were not transferred until an agreement was finalized with East Cocalico Township for the removal of

3

Restriction #1. Moreover, CGL never objected to the sale of the lots even though notice and an objection period was provided to CGL.

15. Admitted in part. Denied in part. It is admitted that an agreement was entered into with East Cocalico Township wherein Restriction #1 was removed. All remaining allegations are denied. By way of further response, the Declaration is a document, which speaks for itself in its entirety, and any incomplete, selective, inconsistent, or inaccurate descriptions thereof are specifically and unequivocally denied.

16. Denied. It is specifically denied that CGL was a beneficiary or intended beneficiary of Restriction #1 and strict proof thereof is demanded. Moreover, CGL specifically sought the removal of Restriction #1 from its deed to Lot 45. CGL also failed to object to the sale of the plots in Lot 44 even though CGL was provided with notice and an objection period.

17. Denied. This is a conclusion of law to which no response is required. To the extent a response is required, William G. Schwab, Esquire, specifically denies that the sale of the lots were in violation of any controlling restriction or document. Rather, these sales were approved by the Court. It is further denied that any harm was caused to CGL via the sale of the individual lots.

18. Denied. This is a conclusion of law to which no response is required. To the extent a response is required, William G. Schwab, Esquire, specifically

denies CGL was deprived of any property rights without notice or due process of law. Rather, CGL was provided with notice and an objection period and the sales were approved by Court Order.

19. Denied. These averments are denied as conclusions of law to which no response is required. To the extent that further answer may be deemed required, it is denied that CGL has any valid or meritorious claims for money damages or in equity. To the contrary, it would be a miscarriage of justice for an action to proceed against the Trustee.

20. Denied. As a Chapter Seven Panel Trustee appointed by the United States Department of Justice, Office of United States Trustee, William G. Schwab, Esquire, is a federal officer. As a federal officer, William G. Schwab, Esquire, is entitled to have any cases brought against him heard in federal court. Moreover, as United States Trustee, William G. Schwab, Esquire, is entitled to immunity as he was acting with the approval of the Court. Finally, CGL has no valid or meritorious claim to make against the Trustee and this Motion should be denied.

WHEREFORE, William G. Schwab, Esquire, respectfully requests that this Honorable Court deny CGL leave to file suit as requested and enter judgment in his favor.

5

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

21. William G. Schwab, Esquire, is the Chapter 7 Trustee for the bankruptcy filed by Vistacare Group, LLC, in the United States Bankruptcy Court for the Middle District of Pennsylvania and, as such, is a federal officer.

### Second Affirmative Defense

22. Actions against Trustees are prohibited unless approval of the relevant bankruptcy court is granted.

### Third Affirmative Defense

23. Section 1442 of Title 28 of the U.S. Code permits federal officers to remove any case filed against them in State Court to Federal Court. Therefore, to the extent leave were granted for CGL to file an action against William G. Schwab, Esquire, venue would be appropriate in federal court, specifically, the Middle District of Pennsylvania.

### Fourth Affirmative Defense

24. All actions taken by William G. Schwab, Esquire, in the administration of the estate were approved by the Court after full disclosure of all necessary and pertinent facts and were in accordance with the law and prevailing guidelines and regulations.

6

### Fifth Affirmative Defense

25.  The scale of lot 45 as well as the scale of the plots in lot 44 were approved the court orders and lot 45 was sold free and clear of all liens and encumbrances and free and clear of Restriction #1.

### Sixth Affirmative Defense

26.  CGL was represented by counsel at all times relevant to this Motion and had notice and an objection period prior to sale of any lots. CGL, however, made no objection to the sales at issue.

### Seventh Affirmative Defense

27.  William G. Schwab, Esquire, is entitled to immunity as Chapter 7 Trustee.

### Eighth Affirmative Defense

28.  The requested suit by CGL is frivolous and vexatious.

### Ninth Affirmative Defense

29.  CGL's Motion fails to state any cognizable claim and/or cause of action against William G. Schwab, Esquire.

### Tenth Affirmative Defense

30.  CGL has not suffered any injury or harm as a result of any acts or omissions of William G. Schwab, Esquire.

7

### Eleventh Affirmative Defense

31. William G. Schwab, Esquire, has at all times acted in accordance with Court approval, in good faith and in accordance with the law.

### Twelfth Affirmative Defense

32. CGL was provided with notice of, and an opportunity to object to, the sale of the individual lots.

### Thirteenth Affirmative Defense

33. CGL's claim may be barred or limited by the principle of waiver or estoppel.

### Fourteenth Affirmative Defense

34. Any damages sustained by CGL are the product of acts or omissions of third parties over which William G. Schwab, Esquire, has no control.

WHEREFORE, William G. Schwab, Esquire, respectfully requests that this Honorable Court deny CGL leave to file suit as requested and to dismiss this Motion with prejudice.

Respectfully submitted,


                              Lavery, Faherty, Young & Patterson, P.C.



                              By: <u>s Frank J. Lavery, Jr.</u>
                                  Frank J. Lavery, Jr., Esquire
                                  225 Market Street, Suite 304
                                  P.O. Box 1245
DATE: August 12, 2010             Harrisburg, PA 17108-1245
                                  (717) 233-6633 (telephone)
                                  (717) 233-7003 (facsimile)
                                  Atty No. PA42370
                                  flavery@laverylaw.com
                                  Attys for William G. Schwab
                                  Esquire, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I, Megan L. Renno, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 12th day of August, 2010, I served a true and correct copy of the foregoing Response to Motion for Leave to File Civil Action Against Chapter 7 Trustee with Affirmative Defenses via U.S. Middle District Bankruptcy Court's Electronic Case Filing System, addressed as follows:

Barry A. Solodky, Esquire
Email: bas@bbt-law.com
*Attorney for Parkside Manor Property Owners Association*

John H. Doran, Esquire
Email: jdoran@dndlegal.com
*Attorney for Debtor VistaCare Group, LLC*

 

    s/ Megan L. Renno
    Megan L. Renno
    Legal Secretary to Frank J. Lavery, Jr.,
    Esquire

This document has also been electronically filed and is available for viewing and downloading from the ECF system.